

Villanova University School of Law

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2005

# USA v. Fisher

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2905

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation
"USA v. Fisher" (2005). *2005 Decisions*. Paper 1433.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1433

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-2905

———

UNITED STATES OF AMERICA

v.

DAVID LEE FISHER,

Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 01-cr-00769)
District Judge: The Honorable Robert F. Kelly

———

Submitted under Third Circuit LAR 34.1(a)
Date: September 24, 2004

Before: MCKEE, ALDISERT and GREENBERG, Circuit Judges

(Filed: March 25, 2005)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

Appellant David Lee Fisher appeals his conviction and sentence for possession of a loaded firearm and ammunition by a convicted felon. Fisher was sentenced to, inter alia, 327 months incarceration. We must decide whether the district court: (1) erred in instructing the jury regarding evidence of flight; (2) exceeded the permissible bounds of discretion by: (a) refusing to allow Fisher to dismiss his counsel and appoint a substitute; (b) admitting eyewitness testimony; (c) denying Fisher's request for a mistrial; and (d) admitting the prosecutor's rebuttal comments; and (3) erred by applying enhancements to Fisher's sentence. We have jurisdiction to review the district court pursuant to 28 U.S.C. § 1291 (2000). We will affirm the conviction, vacate the sentence and remand for re-sentencing in accordance with United States v. Booker, 543 U.S.---, 125 S. Ct. 738 (2005).

## I.

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion.

## II.

Fisher contends that the district court usurped the jury's fact-finding function when it stated that the jury had "heard evidence that the defendant, David Lee Fisher, fled from the scene and from police officers immediately prior to his arrest . . . ." Because Fisher did not make a contemporaneous objection, we review the instruction for plain error. It is

2

the defendant's burden to establish plain error. United States v. Olano, 507 U.S. 725, 734-735 (1993). To do so, he must prove that: (1) the court erred; (2) the error was obvious under the law at the time of review; and (3) the error affected substantial rights—the outcome of the proceeding. Johnson v. United States, 520 U.S. 461, 467 (1997). If all three elements are established, the court may, but need not, exercise its discretion to award relief. Id. Here, there was no plain error because the court conditioned consideration of the evidence by stating: "If proved, flight of the defendant after he knows that he may be arrested for the commission of a crime, may tend to prove that the defendant believed he was guilty." (Trial trans. at 83.)

III.

We review the district court's refusal to dismiss Fisher's counsel and appoint substitute counsel for abuse of discretion. United States v. Goldberg, 67 F.3d 1092, 1098 (3d Cir. 1995). To qualify for substitution of counsel, a defendant must demonstrate good cause, such as a "conflict of interest, a complete breakdown in communication, or an irreconcilable conflict with the attorney." Id. "If the district court denies the request to substitute counsel and the defendant decides to proceed with unwanted counsel, we will not find a Sixth Amendment violation unless the district court's 'good cause' determination was clearly erroneous or the district court made no inquiry into the reason for the defendant's request to substitute counsel." Id.

Here, Fisher contends that his Sixth Amendment right to counsel was violated by

the district court's refusal to appoint new counsel. The district court inquired into Fisher's request for a continuance and new counsel. It determined that Fisher's disagreements with his counsel did not constitute "good cause." Accordingly, there was no abuse of discretion.

Fisher contends that the district court should have instructed him that he had a right to represent himself at trial. Fisher asserted no reasons to support this contention. An examination of the record shows that Fisher's attorney was well prepared and provided Fisher with vigorous representation. The court was not obligated to advise Fisher that he had a right to represent himself at trial. At no time did Fisher clearly and unequivocally request that he be permitted to represent himself at trial. See Buhl v. Cooksey, 233 F.3d 783, 792 (3d Cir. 2000) (requiring that a defendant's request for self-representation at a trial be made clearly and unequivocally).

IV.

We review the district court's decision regarding the admissibility of evidence for abuse of discretion. United States v. Serafini, 233 F.3d 758, 768 n. 14 (3d Cir. 2000). If the court's ruling was based on an interpretation of the Federal Rules of Evidence, the review is de novo. Id. Here, Fisher argues that the district court erred in admitting the eye witness testimony of Belinda Brown, who identified him as being at the scene of the crime, because Fisher was not given notice that she was subpoenaed and he was prejudiced. Because Brown was a recalcitrant witness and had to be subpoenaed on the

4

eve of the trial, the government had no formal <u>Jencks</u> Act statement prior to trial. The government had no obligation to provide something to Fisher that did not exist. <u>See</u> <u>United States v. Bernard</u>, 625 F.2d 854, 859-860 (9th Cir. 1980) (rejecting a claim that the government is required to create <u>Jencks</u> Act material by recording everything a potential witness says). We determine that there was no error.

V.

We review a district court's decisions regarding the management of a trial for abuse of discretion. <u>Duquesne Light Co. v. Westinghouse Elec. Corp.</u>, 66 F.3d 604, 609 (3d Cir. 1995). Without citing any authority, Fisher argues that the court erred in denying his motion for a mistrial following his repeated outbursts and his eventual removal from the courtroom. The court specifically instructed the jury to disregard Fisher's behavior and his temporary absence from the courtroom and did not exceed the permissible bounds of discretion by refusing to grant a mistrial.

VI.

We review a district court's ruling that a prosecutor was not vouching during rebuttal for abuse of discretion. <u>United States v. Nelson</u>, 284 F.3d 472, 476 n. 3 (3d Cir. 2002). Fisher contends that, in rebuttal, the prosecutor improperly vouched for the credibility of government witness Terrill Bailey and improperly inflamed the jury. In accordance with the rule against vouching, the prosecutor did not give the jury any personal assurance of Bailey's credibility. <u>See</u> <u>United States v. Saada</u>, 212 F.3d 210, 225

5

(3d Cir. 2000) (stating that vouching occurs if the prosecutor assures the jury that the testimony of a witness is credible based on information not in evidence). Here, the prosecutor only addressed the facts in the record. Accordingly, the district court did not exceed the permissible bounds of discretion.

VII.

Fisher challenges his sentence under United States v. Booker, 543 U.S. - -, 125 S. Ct. 738 (2005). Having determined that the two sentencing issues raised here are best determined by the district court in the first instance, we will vacate the sentence and remand for re-sentencing in accordance with Booker.

\* \* \* \* \*

We have considered all the arguments advanced by the parties and conclude that no further discussion is necessary.

The judgment of the district court relating to Fisher's conviction will be affirmed, we will vacate the sentence and remand for re-sentencing in accordance with Booker.