

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2007

# USA v. Fisher

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1877

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Fisher" (2007). *2007 Decisions.* Paper 1218.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1218

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-1877

———

UNITED STATES

v.

DAVID LEE FISHER,

Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 01-cr-00769-1)
District Judge:  Honorable Robert F. Kelly

———

Submitted Under Third Circuit LAR 34.1(a)
April 20, 2007

Before: MCKEE, AMBRO, Circuit Judges, and MICHEL,[*] Chief Circuit Judge.

(Filed:  April 25, 2007)

———

OPINION OF THE COURT

———

MICHEL, Chief Circuit Judge.

———

[*]  The Honorable Paul R. Michel, Chief Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

Defendant David Lee Fisher appeals from the sentencing order following his conviction for possession of a firearm by a convicted felon. Because we discern no harmful error in the District Court's reasoning and analysis, we will affirm the order.

I.

Because we write solely for the parties, we recite only those facts central to our analysis. Fisher was indicted on three charges: possession of a firearm by a convicted felon, conspiracy to obstruct justice, and obstruction of justice. At trial, the jury convicted Fisher of the possession charge. The District Court sentenced Fisher to 327 months, which Fisher appealed to this Court. In our opinion in that earlier appeal, United States v. Fisher, 126 Fed. Appx. 71 (3d Cir. 2005) (not precedential), we remanded to the District Court for resentencing to consider the import, if any, of United States v. Booker, 543 U.S. 220 (2005).

In its second sentencing hearing, the District Court received further evidence from Fisher regarding mitigating factors. The government again relied on evidence of Fisher's three prior convictions. In its sentencing order, the District Court accepted the recommendation of the presentence investigation report ("PSR") of a two-level enhancement for obstruction of justice. But the District Court adopted a mandatory minimum offense level of 33 based on its determination that the preponderant evidence of Fisher's prior convictions qualified him as an armed career criminal under the Armed Career Criminal Act ("ACCA"), U.S.S.G. § 4B1.4. The District Court further adopted the PSR's characterization of the crime as a "crime of violence" subject to an enhanced

2

offense level of 34 under U.S.S.G. § 4B1.4(3)(A). Finally, the District Court also applied a two-level downward departure for Fisher's acceptance of responsibility, resulting in a final offense level of 32 with a guideline range of 210 to 262 months. The District Court sentenced Fisher to a term of 224 months.

## II.

Fisher argues three errors on the part of the District Court in its sentencing order. First, Fisher asserts that the District Court improperly enhanced his guideline offense level based on evidence of three prior convictions when that evidence was neither presented to a jury nor proved beyond a reasonable doubt. Second, Fisher states that the District Court erred by enhancing his guideline offense level for obstruction of justice since he was acquitted of that charge and insufficient evidence was produced to support such an enhancement. Finally, Fisher argues that the District Court erred in holding that his crime was a "crime of violence," and enhancing his guideline offense level as a result, since possession of a firearm, he maintains, is not a crime of violence. We turn to each asserted error in turn.

### 1.

As both parties readily agree, Almendarez-Torres v. United States, 523 U.S. 224, 243-47 (1998), if still good law, holds that the fact of a prior conviction does not have to be proven at sentencing beyond a reasonable doubt to a jury but may instead be considered by a judge as a sentencing factor if proven by a preponderance of the evidence. See also Apprendi v. New Jersey, 530 U.S. 466, 488 (2000). Fisher, however,

argues that under <u>Apprendi</u>, <u>Almendarez-Torres</u> is no longer good law except as to its own unique facts.

The Supreme Court in <u>Apprendi</u> clearly held that most sentencing factors must be presented to a jury and proved beyond a reasonable doubt, <u>id.</u> at 490, but when specifically addressing <u>Almendarez-Torres</u>, stopped short of applying that rule to evidence of past convictions. In fact, the Court specifically indicated that recidivism is an exception to the <u>Apprendi</u> rule. <u>See id.</u> ("<u>Other than the fact of a prior conviction</u>, any fact that increases the penalty for a crime . . . must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added).[1] As such, and as we have previously held, <u>Apprendi</u> limited the scope and applicability of <u>Almendarez-Torres</u> but left it as controlling authority as to recidivism.[2] <u>See</u> <u>United States v. Coleman</u>, 451 F.3d 154, 159-60 (3d Cir. 2006).

While the reasoning in <u>Apprendi</u> may arguably apply to recidivism as well, neither the Supreme Court nor this Court has so held.[3] <u>See id.</u> at 159-60. Thus we have no

---

[1] <u>See also</u> <u>Apprendi</u>, 530 U.S. at 488 (observing that in <u>Jones v. United States</u>, 526 U.S. 227, 119 S. Ct. 1215 (1999), the Court noted that "[t]he majority and the dissenters in <u>Almendarez-Torres</u> disagreed over the legitimacy of the Court's decision to restrict its holding to recidivism, but both sides agreed that the Court had done just that").

[2] As the Supreme Court reasoned in <u>Apprendi</u>, recidivism is unlike other sentencing factors. For example, a past conviction by definition indicates that the charge and its attendant facts were proven beyond a reasonable doubt to a jury. Thus the procedural safeguards of the Fifth and Sixth Amendments were effected at some point with regard to those convictions. <u>Apprendi</u>, 530 U.S. at 488.

[3] We recognize that a Justice of the Supreme Court has criticized <u>Almendarez-Torres</u> and urged its outright reversal. <u>See</u> <u>Shepard v. United States</u>, 544 U.S. 13, 27-28 (2005)

4

discretion but to hold that recidivism need not be proven to a jury beyond a reasonable doubt when considered as a sentencing factor.  Id.  As such, Fisher's appeal of the District Court's consideration of his three prior convictions must be rejected.

2.

Examining the sentencing order and PSR makes clear that the District Court's adoption of the PSR's enhancement for obstruction of justice was irrelevant to the sentence.  The enhancement under the ACCA, discussed above, has a minimum offense level of 33.  The obstruction of justice enhancement was not applied to raise this level to 35; rather, the PSR makes clear that this enhancement was subsumed entirely by the mandatory minimum offense level of the ACCA enhancement.  As such, any error by the District Court as to the obstruction of justice enhancement was harmless.

3.

With regard to the enhancement for a "crime of violence," the government concedes that the District Court erred as Fisher suggests.  However, the government argues that the error was harmless in light of the two-level downward departure imposed by the District Court.  Assuming arguendo that the District Court would have applied the same downward departure even to a lower starting offense level, his total offense level then would have been 31 (namely the minimum under the ACCA of 33 with the two-level

---

(Thomas, J., concurring).  However, the Supreme Court is the only tribunal with the power to act on such recommendations, and we cannot preemptively apply a rule that contradicts a Supreme Court decision that has not been reversed.

downward departure). The guideline range for offense level 31 is 188 to 235 months. Since Fisher's sentence of 224 months is well within this range, we conclude that the District Court's error was indeed harmless. <u>See</u> <u>United States v. Flores</u>, 454 F.3d 149, 162 (3d Cir. 2006).

As a result, we will affirm the District Court's sentencing order.